[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence November 27, 1996 Date of Application November 27, 1996 Date Application Filed December 2, 1996 Date of Decision June 24, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket Numbers CR95-240679; CR95-241681.
Richard M. Marano, Esq., Defense Counsel, for Petitioner.
Cara Eschuck, Esq., Assistant State's Attorney, for the State.
After trial by jury, petitioner was convicted of two counts of sexual assault in the second degree in violation of General Statutes § 53a-71. One count of sexual assault in the third degree in violation of § 53a-72 and one count of risk of injury in violation of § 53-21. On a separate file, petitioner was convicted of two counts of risk of injury in violation of § 53-21.
As a result of such conviction, a sentence of nine years was imposed on the first count, ten years consecutive on the second count, nine months concurrent on the third count and nine years concurrent on the fourth count for a total effective sentence of nineteen years suspended after nine years.
On the second file, a sentence of five years was imposed on the first count. A consecutive sentence of five years was imposed on the second count with the execution suspended and probation for ten years, the total effective sentence being ten years execution suspended after five years, ten years probation. This sentence was to be served concurrent with the sentence imposed on the first file.
The total effective sentence was nineteen years execution suspended after nine years, ten years probation. This sentence was to be served consecutive to another sentence which petitioner was then serving for a violation of probation.
The facts underlying petitioner's conviction indicate that on the first file, he committed sexual assaults against his sister beginning when she was nine years old when he would come home from prison on weekend furloughs. These sexual assaults continued after he was released and became more frequent.
The second file involved the same victim at age fifteen. In this instance, petitioner forced his sister to perform oral sex and vaginal intercourse. She stated that she was afraid that if she refused, he would kill her.
Petitioner's attorney requested that the sentence imposed be reduced. He pointed out that the prior sentence which petitioner was serving at the time of these sentences was for a violation of probation. The violation was the present offenses. Under these circumstances, the attorney argued it was unduly harsh for the sentences to be imposed consecutively. It would have been more appropriate, he argued, that these sentences be made concurrent CT Page 7322 to the violation of probation.
The attorney stressed that except for these offenses, petitioner was a hard-working young man. He was a high school graduate who held down two jobs even though he had mental and emotional problems for which he had received no treatment.
The attorney argued that the likelihood of petitioner committing similar offenses in the future was low to moderate. Under the circumstances, the attorney argued the sentences should be reduced.
Speaking on his own behalf, petitioner affirmed that he was a hard-working young man who had problems within the family. He also requested a reduction in sentence.
The state's attorney argued against any reduction in sentence. He pointed out that the sentencing judge was fully aware that he was imposing a sentence that was consecutive to the sentence for violation of probation. He also pointed out that the victim in this case was petitioner's sister who was required to testify as to the details of these assaults in open court on two occasions. The state's attorney argued that the sentence imposed was appropriate.
Considering the seriousness of petitioner's offenses and the effect which such crimes must have had on the victim, it cannot be concluded that the sentence imposed was unduly harsh or inappropriate. Practice Book § 942.
Sentence affirmed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.